MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JUAN MALDONADO ESLAVA,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| GREEN SUMMIT GROUP LLC. (d/b/a MAYA BLUE, BUTCHER BLOCK, and AUTHENTIC), PETER SCHATZBERG, and TODD MILLMAN, | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Juan Maldonado Eslava ("Plaintiff Maldonado" or "Mr. Maldonado"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Green Summit Group LLC. (d/b/a Maya Blue, Butcher Block, and Authentic) ("Defendant Corporation"), and individual Defendants Peter Schatzberg and Todd Millman, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff Maldonado is a former employee of defendants Green Summit Group LLC. (d/b/a Green Summit Group), Peter Schatzberg and Todd Millman (collectively "Defendants").

2.      Defendants own, operate, or control a set of sandwich shops/catering services located at 146 E 44th Street, New York, New York 10174, which have operated under the names Maya Blue, Butcher Block and Authentic, respectively.

3.      Upon information and belief, individual defendants Peter Schatzberg and Todd Millman serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the sandwich shops/catering services as joint or unified enterprises.

4.      Plaintiff Maldonado was ostensibly employed as a delivery worker, but he was required to spend a considerable part of his work day performing non-tipped, non-delivery duties, including but not limited to carrying up deliveries from the first floor to the 2nd , bringing up items for the packer, packing the silverware, ripping  and twisting boxes, stocking the water bottles and juice in the refrigerators, bringing  ice containers up from the basement, assisting  the cook, getting bags ready for customers and taking down the garbage (hereinafter the "non-tipped, non-delivery duties").

5.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado and other employees to work without providing them the minimum wage required by federal and state law and regulations.

6.      Defendants employed and accounted for Plaintiff Maldonado as a delivery worker in their payroll, but in actuality Plaintiff Maldonado's duties required a significant amount of time spent in non-tipped, non-delivery duties.

7.      Regardless, at all times Defendants paid Plaintiff Maldonado at a rate that was lower than the required tip-credit rate.

8.      In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Maldonado's non-tipped duties exceeded 20% of each workday (12 N.Y. C.R.R. §146).

9.      Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Maldonado's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Maldonado at the minimum wage rate and enabled him to pay Plaintiff Maldonado a lower tip-credited rate (which they willfully failed to pay).

10.     Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Maldonado's and other tipped employee's tips and made unlawful deductions from Plaintiff Maldonado's and other tipped employee's wages.

11.     Defendants' conduct extended beyond Plaintiff Maldonado to all other similarly situated employees.

12.     Plaintiff Maldonado now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiff Maldonado seeks certification of this action as a collective action on behalf of himself, individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Maldonado's state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate their sandwich shops/catering services in this district. Further, Plaintiff Maldonado was employed by Defendants in this district.

## THE PARTIES

### *Plaintiff Maldonado*

16.     Plaintiff Juan Maldonado Eslava ("Plaintiff Maldonado" or "Mr. Maldonado") is an adult individual residing in New York County, New York. Plaintiff Maldonado was employed by Defendants from approximately January 18, 2015 until on or about September 3, 2015.

17.     Plaintiff Maldonado consents to being a party plaintiff pursuant to 29 U.S.C. 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

### *Defendants*

18.     At all relevant times, Defendants own, operate, or control 2 sandwich shops/catering services located at 146 E 44th Street, New York, New York 10174 under the names Maya Blue, Butcher Block and Authentic, respectively.

19.     Upon information and belief, Green Summit Group LLC. (d/b/a Green Summit Group) is a domestic corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business at 146 E 44th Street, New York, New York 10174.

20.    Defendant Peter Schatzberg is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Schatzberg is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Peter Schatzberg possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.    Defendant Todd Millman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Todd Millman is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Todd Millman possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**
*Defendants Constitute Joint Employers*

22.    Defendants operate 2 sandwich shops/catering services located in the Midtown East section of Manhattan in New York City.

23.     Individual defendants, Peter Schatzberg and Todd Millman, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Maldonado's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Maldonado, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Maldonado (and all similarly situated employees) and are Plaintiff Maldonado's (and all similarly situated employees) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Maldonado and/or similarly situated individuals.

28.     Upon information and belief, individual defendants Peter Schatzberg and Todd Millman operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)   transferring assets and debts freely as between all Defendants,

    d)   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)   operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

    f)   intermingling assets and debts of their own with Defendant Corporation,

    g)   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)   other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiff Maldonado's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Maldonado, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Maldonado's services.

30.    In 2015, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the sandwich shop/catering services on a daily basis were goods produced outside of the State of New York.

### Individual Plaintiff

32.    Plaintiff Maldonado is a former employee of Defendants who was ostensibly employed as a delivery worker. However, he spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

33.     Plaintiff Maldonado seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Juan Maldonado Eslava*

34.     Plaintiff Maldonado was employed by Defendants from approximately January 18, 2015 until on or about September 3, 2015.

35.     Defendants ostensibly employed Plaintiff Maldonado as a delivery worker.

36.     However, Plaintiff Maldonado was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

37.     Although Plaintiff Maldonado was ostensibly employed as a delivery worker, he spent more than twenty percent of each day performing non-delivery work throughout his employment with Defendants.

38.     Plaintiff Maldonado regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Maldonado's work duties required neither discretion nor independent judgment.

40.     From approximately January 18, 2015 until on or about September 3, 2015, Plaintiff Maldonado worked from approximately 10:00 a.m. until on or about 4:00 p.m. Mondays through Fridays during his first week, then from approximately 10:00 a.m. until on or about 3:00 p.m. two days a week and from approximately 10:00 a.m. until on or about 3:30 or 4:00 p.m. three days per week (typically 27.25 hours per week).

41.     Throughout his employment with defendants, Plaintiff Maldonado was paid his wages by check.

42.     Throughout his employment, Defendants paid Plaintiff Maldonado $5.65 per hour.

- 8 -

43.     Plaintiff Maldonado's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

44.     For example, Defendants often required Plaintiff Maldonado to stay 30 minutes up to an hour after punching out and did not pay him for that extra time.

45.     Plaintiff Maldonado was never notified by Defendants that his tips were being included as an offset for wages.

46.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Maldonado's  wages.

47.     Defendants illegally withheld a portion of the tips that Plaintiff Maldonado earned from customers; specifically, Defendants retained 4% of Plaintiff Maldonado's tips.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Maldonado regarding overtime and wages under the FLSA and NYLL.

49.     Defendants never gave any notice to Plaintiff Maldonado, in English and in Spanish (Plaintiff Maldonado's   primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50.     Defendants required Plaintiff Maldonado to purchase "tools of the trade" with his own funds—including three bicycles, two helmets and bicycle repairs and maintenance costs.

*Defendants' General Employment Practices*

51.     Defendants regularly required their employees, including Plaintiff Maldonado, to work without paying them the proper minimum wage.

52.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado  (and all similarly situated employees) to work without paying them appropriate minimum wage, as required by federal and state laws.

53.     At no time did Defendants inform their employees, including Plaintiff Maldonado, that they had reduced their hourly wages by a tip allowance.

54.     Defendants habitually required their employees, including Plaintiff Maldonado, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

55.     Defendants required all delivery workers, including Plaintiff Maldonado, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

56.     Plaintiff Maldonado, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

57.     Plaintiff Maldonado and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiff Maldonado's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

58.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

59.     The delivery workers', including Plaintiff Maldonado's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

60.     In violation of federal and state law as codified above, Defendants classified Plaintiff Maldonado and other delivery workers as tipped employees, but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

61.     Defendants' pay practices resulted in Defendants' delivery workers, including Plaintiff Maldonado, not receiving payment for all their hours worked, resulting in their effective rate of pay falling below the required minimum wage rate.

62.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Maldonado by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

63.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Maldonado, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

64.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

65.     Defendants failed to inform Plaintiff Maldonado that they intended to take a deduction against Plaintiff Maldonado's earned wages for tip income, as required by the NYLL before any deduction may be taken.

66.     Defendants failed to inform Plaintiff Maldonado that his tips would be credited towards the payment of the minimum wage.

67.     Defendants failed to maintain a record of tips earned by Plaintiff Maldonado for the

deliveries he made to customers.

68.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

69.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Maldonado and other similarly situated current and former delivery workers.

70.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employee regarding the applicable wage and hour requirements of the FLSA and NYLL.

71.     Defendants failed to provide Plaintiff Maldonado and other employees  with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

72.     Defendants failed to provide Plaintiff Maldonado and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

- 12 -

designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73.    Plaintiff Maldonado brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

74.    At all relevant times, Plaintiff Maldonado, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

75.    At all relevant times, Plaintiff Maldonado, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage.

76.    At all relevant times, Plaintiff Maldonado, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

77.    The claims of Plaintiff Maldonado stated herein are similar to those of the other employees.

- 13 -

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

78.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

79.    At all times relevant to this action, Defendants were Plaintiff Maldonado's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Maldonado, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

80.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Maldonado at the applicable minimum hourly rate.

83.    Defendants' failure to pay Plaintiff Maldonado at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84.    Plaintiff Maldonado was damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

85.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants were Plaintiff Maldonado's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Maldonado, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

87.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Maldonado less than the minimum wage.

88.     Defendants' failure to pay Plaintiff Maldonado the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Maldonado was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

90.     Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants failed to provide Plaintiff Maldonado with a written notice, in English and in Spanish (Plaintiff Maldonado's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

92.     Defendants are liable to Plaintiff Maldonado in the amount of $5,000, together with

costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

93.     Plaintiff Maldonado repeats and realleges all paragraphs above as though set forth fully herein.

94.     With each payment of wages, Defendants failed to provide Plaintiff Maldonado with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

95.     Defendants are liable to Plaintiff Maldonado in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

96.     Plaintiff Maldonado repeats and realleges all paragraphs above as though set forth fully herein.

97.     Defendants required Plaintiff Maldonado to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

98.     Plaintiff Maldonado was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW)

99.     Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

100.     At all relevant times, Defendants were Plaintiff Maldonado's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

101.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

102.     Defendants unlawfully misappropriated a portion of Plaintiff Maldonado's tips that were received from customers.

103.     Defendants knowingly and intentionally retained a portion of Plaintiff Maldonado's tips in violations of the NYLL and supporting Department of Labor Regulations.

104.     Plaintiff Maldonado was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maldonado respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and

- 17 -

associated rules and regulations under, the FLSA as to Plaintiff Maldonado (including the prospective collective class members);

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Maldonado's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Maldonado (including the prospective collective class members);

(e)     Awarding Plaintiff Maldonado (including the prospective collective class members) damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Maldonado (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants  violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Maldonado;

(h)     Declaring that the Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Maldonado's compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Maldonado;

(j)     Awarding Plaintiff Maldonado damages for the amount of unpaid minimum

wages, and for any improper deductions or credits taken against wages;

(k)     Awarding Plaintiff Maldonado damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Maldonado liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wages shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Maldonado (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiff Maldonado (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        May 2, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        Michael A. Faillace [MF-8436]
        60 East 42nd Street, suite 2540
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620

- 19 -

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 19, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Juan Maldonado Eslava

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     19 de enero de 2016