USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN MALDONADO ESLAVA,

        Plaintiff,

-against-

GREEN SUMMIT GROUP LLC, et al.,

        Defendants.

16-CV-3263 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the parties' proposed revised Settlement Agreement (Rev. Ag.) (Dkt. No. 48-1), which complies with my November 2, 2017 Order (Dkt. No. 45) insofar as former paragraphs 3 and 7, containing the confidentiality and non-disparagement provisions, have been removed. However, the one-way release provision, Rev. Ag. ¶ 2, remains overbroad, inasmuch as the second half of that paragraph (beginning with "including but not limited to") appears to contradict the narrowing language added in response to the November 2 Order. In addition, the non-solicitation clause (Rev. Ag. ¶ 9) appears to contain a forbidden confidentiality requirement.

    The Court notes that ¶ 11 of the Revised Agreement provides:

> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

Consequently, rather than withhold approval of the parties' settlement for the second time, the Court hereby **STRIKES** paragraphs 2 and 9 of the Revised Agreement. In addition, the Court **DEEMS** plaintiff to have executed the revised release provision set forth below:

<u>Release and Covenant Not to Sue</u>: Plaintiff hereby irrevocably and unconditionally releases and forever discharges Defendants and Defendants' past and present affiliates, subsidiaries, parent companies, members, owners, directors, officers, insurers, attorneys, employees, and agents from any and all actions, causes of action, suits, debts, sums of money, damages, judgments, demands, charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had or claimed to have regarding events that have occurred from the beginning of time through the Effective Date of this Agreement solely related to the Litigation or Plaintiff's employment with or termination from Defendants.~~, including but not limited to liabilities arising under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity.~~

The Court finds that the Revised Agreement, as modified, is fair and reasonable as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and **APPROVES** the Revised Agreement **AS MODIFIED** in the manner set forth above. It is hereby **ORDERED** that this action is **DISMISSED** without costs, subject to the right to reopen within thirty days of the date of this Order if any party objects to the revised release provision. To be clear, any application to reopen must be <u>filed</u> within thirty days of this Order. The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
December   , 2017

SO ORDERED.

_____

**BARBARA MOSES**
**United States Magistrate Judge**